UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP MICHAEL OKONGO,<br><br>Plaintiffs,<br><br>v.<br><br>SANTA CLARA COUNTY SHERIFFS OFFICE, et al.,<br><br>Defendants. | Case No.  23-cv-03576-EMC<br>              24-cv-0105-EMC<br><br>ORDER GRANTING LEAVE TO AMEND IN CASE NO. 23-CV-3576, AND DISMISSING CASE NO. 24-CV-0105 AS OPENED IN ERROR |

Plaintiff Phillip Okongo filed a civil rights action complaining of conditions at Santa Clara County Jail, where he is incarcerated. *See* Docket No. 1, Case No. 23-cv-3576. The complaint was reviewed by United States Magistrate Judge Laurel Beeler pursuant to 28 U.S.C. § 1915A. Judge Beeler identified deficiencies in the complaint, and instructed Mr. Okongo to amend in order to correct those deficiencies. *See* Docket No. 5, Case No. 23-cv-3576.

Mr. Okongo filed a document entitled "Complaint." Docket No. 1, Case No. 24-cv-0105. Because nothing on the face of the document suggested it was intended as an amended complaint in Case No. 23-cv-3576, the Clerk of the Court opened a new action.

Mr. Okongo subsequently filed an amended complaint in Case No. 23-cv-3576, and a "motion for supplemental jurisdiction" in Case No. 24-cv-0105. Both actions were reassigned to the undersigned.

Upon a review of the filings in both actions, they concern the same incidents and are brought against the same defendants. The Court does not believe that Mr. Okongo intended to file a "malicious" action in filing the second case. *See* 28 U.S.C. § 1915(g) (explaining that prisoners incur a "strike" when they file a malicious action, and that accumulating three strikes bars prisoners in perpetuity from proceeding *in forma pauperis*); *see also Cato v. United States*, 70

1  F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an *in forma pauperis* complaint that "merely
2  repeats pending or previously litigated claims" is malicious under the PLRA).  Rather, it appears
3  that Mr. Okongo intended to file an amended complaint in the first case as directed by Judge
4  Beeler, but because of his innocent mistake in not labeling the amended complaint as such, a
5  second action was erroneously opened.

Accordingly, Case No. 24-cv-0105 is DISMISSED as opened in error.  No filing fee is due for this erroneously opened case, so the *in forma pauperis* application that Mr. Okongo filed in Case No. 24-cv-0105 is **DENIED** as moot.  The Clerk shall terminate all pending motions in Case No. 24-cv-0105, *see* Docket Nos. 4, 9, 12, and close the file.

Mr. Okongo's filings suggest that he wishes to add to the claims pending before the Court.  The Court sua sponte grants Mr. Okongo an extension of time to amend the pleadings in Case No. 23-cv-3576 to set forth all of his claims.

Mr. Okongo must file an amended complaint in Case No. 23-cv-3576 no later than **November 1, 2024**.  To avoid the confusion which led to a second action being opened, Mr. Okongo **must** write the caption and civil case number used in this order (Case No. 23-cv-3576-EMC) and the words AMENDED COMPLAINT on the first page.  Mr. Okongo is cautioned that his amended complaint must be a complete statement of his claims.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.")  If Mr. Okongo does not file an amended complaint by the deadline, the Court will conclude that he wishes to move forward only as to the claims raised in the amended complaint currently pending at Docket No. 15, and will screen that pleading accordingly.

This order closes Case No. 24-cv-0105, and disposes of Docket Nos. 4, 9, and 12 in that action.

**IT IS SO ORDERED**.

Dated: October 24, 2024

_____
EDWARD M. CHEN
United States District Judge